**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

FIDENCIO MARTINEZ CORDOVA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1367

Agency No.
A208-081-258

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2023**

Before:     TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Fidencio Martinez Cordova, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's decision denying

his applications for asylum, withholding of removal, protection under the

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo due process claims. *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021). We deny the petition for review.

The record does not compel the conclusion that Martinez Cordova established changed or extraordinary circumstances to excuse the untimely asylum application. *See Singh v. Holder*, 649 F.3d 1161, 1164-65 (9th Cir. 2011) (en banc) (court retained jurisdiction to review legal or constitutional questions related to the one-year filing deadline); 8 C.F.R. § 1208.4(a)(4)-(5) (changed and extraordinary circumstances). Thus, Martinez Cordova's asylum claim fails.

Substantial evidence supports the agency's denial of withholding of removal because Martinez Cordova failed to show a clear probability of future persecution. *See, e.g.*, *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (feared persecution "too speculative" to support asylum claim).

Martinez-Cordova also argues that the agency erred by not granting a continuance to seek cancellation of removal, but because he did not contest the BIA's determination that he waived challenge to the IJ's determination when he withdrew the request for a continuance, we do not address it. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (the BIA does not err by declining to

2                                                                              21-1367

consider arguments "that were raised for the first time on appeal"); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Because Martinez Cordova does not challenge the agency's denial of CAT protection, the motion to remand, or voluntary departure, we do not address them. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**